IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UUSI, LLC, a Michigan domestic limited
Liability company, d/b/a NARTRON,

    Plaintiff,

vs.

ROBERT BOSCH LLC, a Michigan
Corporation, and BROSE NORTH AMERICA,
INC., a Michigan corporation,

    Defendants.
_____/

Monte L. Falcoff (P48015)
George D. Moustakas (P41631)
Timothy D. MacIntyre (P53100)
HARNESS, DICKEY & PIERCE, P.L.C.
5445 Corporate Drive, Ste. 200
Troy, MI 48098
(248) 641-1600
(248) 641-0270 Fax
mlfalcoff@hdp.com
gdmoustakas@hdp.com
tdmacintyre@hdp.com
_____/

**COMPLAINT FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL**

    This is an action for patent infringement in which Plaintiff, UUSI, LLC, d/b/a NARTRON ("UUSI" or "Plaintiff"), makes the following allegations against Defendants Robert Bosch LLC ("Bosch") and Brose North America, Inc. ("Brose") (collectively "Defendants"):

**The Parties**

1. UUSI, LLC, d/b/a Nartron is a Michigan domestic limited liability company having its principal place of business in Reed City, Michigan.

2. Upon information and belief, Defendant Bosch is a German corporation with its U.S. headquarters at 38000 Hills Tech Drive, Farmington, Michigan 48331.

3. Upon information and belief, Bosch conducts business in this judicial district and elsewhere throughout the United States. Bosch maybe served with process through its registered agent CSC-Lawyers Incorporating Service, 601 Abbott Road, East Lansing, Michigan 48823.

4. Upon information and belief, Defendant Brose is a German corporation with its U.S. headquarters at 3933 Automation Avenue, Auburn Hills, Michigan 48326.

5. Upon information and belief, Brose conducts business in this judicial district and elsewhere throughout the United States. Brose maybe served with process through its registered agent The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025.

**Nature of the Action**

6. This is a civil action for the infringement of United States Patent Nos. 6,064,165 ("the '165 Patent"), 6,078,117 ("the '117 Patent"), 7,548,037 ("the '037 Patent"), 7,579,802 ("the '802 Patent"), and 8,217,612 ("the '612 Patent") (attached as Exhibits A-E, respectively) under the Patent Laws of the United States 35 U.S.C. § 1 *et seq*.

**Jurisdiction and Venue**

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b). On information and belief, each of the Defendants has transacted business in this District, and has committed acts of patent infringement in this District.

9. On information and belief, each of the Defendants is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or Michigan Long Arm Statute, due at least to its substantial business in this forum, including (i) making, using, selling, offering for sale or importing, or inducing same of others, for at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Michigan and in this District.

**Joinder**

10. On information and belief, joinder of Bosch and Brose is proper under 35 U.S.C. § 299 due to the defendants' collective manufacture of the accused products identified herein, through the making, using, importing in the United States, offering for sale and/or selling of the same accused products in this District and questions of fact that are common as to the Defendants arise in this action.

**The Patents-in-Suit**

11. On May 16, 2000, the '165 Patent, titled "Power Window or Panel Controller," was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '165 Patent is directed among other things to a controller for energizing a power-operable element, such as a sunroof, window, door, vehicle seat, etc. The controller senses both hard and soft obstructions and de-activates or otherwise alters operation of a motor that drives the element when an obstruction is detected.

12. On June 20, 2000, the '117 Patent, titled "End Cap Assembly And Electrical Motor Utilizing Same," was duly and legally issued by the USPTO. The '117 Patent is directed to among other things an end cap assembly configured as an electronic conducted noise filter and/or radiated field shield for incorporation as the end cap of a motor housing case.

13. On June 16, 2009, the '037 Patent, titled "Collision Monitoring System," was duly and legally issued by the USPTO. The '037 Patent is directed to among other things an improved system and method for sensing both hard and soft obstructions for a movable panel.

14. On August 25, 2009, the '802 Patent, titled "Collision Monitoring System," was duly and legally issued by the USPTO. The '802 Patent is directed to among other things an improved system and method for sensing both hard and soft obstructions for a movable panel.

15. On July 10, 2012, the '612 Patent, titled "Collision Monitoring System," was duly and legally issued by the USPTO. The '612 Patent is directed to among other things an improved system and method for sensing both hard and soft obstructions for a movable panel.

16. UUSI, LLC is the assignee of all right, title and interest in the '165, '117, '037, '802 and '612 Patents ("Patents-in-Suit"), and possess all rights to sue and recover for any current or past infringement of the Patents-in-Suit.

**Count I**
**Infringement of U.S. Patent No. 6,064,165**

17. Paragraphs 1-16 are incorporated by reference as if fully restated herein.

18. On information and belief, Bosch has infringed, directly and indirectly, one or more claims of the '165 Patent, literally and/or under the doctrine of equivalents, in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271, by (i) manufacturing, making, using, selling, offering for sale, and/or importing components, assemblies and/or systems for sensing hard and soft obstructions for moveable panels such as a window and/or

sunroof, that infringe one or more claims of the '165 Patent; and/or (ii) by contributing to and/or inducing infringement by others, by using, selling, offering for sale, and/or importing components, assemblies and/or systems for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof, in a manner that infringes one or more claims of the '165 Patent. The infringing products include, but are not limited to, the systems and/or assemblies pictorially identified in detail in Exhibits F and G.

19. On information and belief, Bosch markets products that have competed with Plaintiff's products based on the technology in the '165 Patent including, but not limited to, systems and/or assemblies for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof. Through such activities, Bosch has competed for and misappropriated sales and profits for Plaintiff's products based on the technology in the '165 Patent, including, without limitation, systems and/or assemblies for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof that would have gone to Plaintiff, but for Bosch's infringing activities. As a result of the sale and/or distribution of Bosch's infringing products, Plaintiff has had lost revenue, profits and/or royalties and has suffered irreparable harm.

20. Plaintiff has been damaged by Bosch's infringing activities.

21. On information and belief, Brose has infringed, directly and indirectly, one or more claims of the '165 Patent, literally and/or under the doctrine of equivalents, in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271, by (i) manufacturing, making, using, selling, offering for sale, and/or importing components, assemblies and/or systems for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof, that infringe one or more claims of the '165 Patent; and/or (ii) by contributing to and/or

inducing infringement by others, by using, selling, offering for sale, and/or importing components, assemblies and/or systems for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof, in a manner that infringes one or more claims of the '165 Patent. The infringing products include, but are not limited to, the systems and/or assemblies pictorially identified in detail in Exhibits F and G.

22. On information and belief, Brose markets products that have competed with Plaintiff's products based on the technology in the '165 Patent including, but not limited to, systems and/or assemblies for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof. Through such activities, Brose competed for and misappropriated sales and profits for Plaintiff's products based on the technology in the '165 Patent, including, without limitation, systems and assemblies for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof that would have gone to Plaintiff, but for Brose's infringing activities. As a result of the sale and/or distribution of Brose's infringing products, Plaintiff has had lost revenue, profits and/or royalties and has suffered irreparable harm.

23. Plaintiff has been damaged by Brose's infringing activities.

## Count II
### Infringement of U.S. Patent No. 6,078,117

24. Paragraphs 1-23 are incorporated by reference as if fully restated herein.

25. On information and belief, Bosch has infringed, and continues to infringe, directly and indirectly, one or more claims of the '117 Patent, literally and/or under the doctrine of equivalents, in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271, by (i) manufacturing, making, using, selling, offering for sale, and/or importing components, assemblies and/or systems configured as an electronic conducted noise filter and/or radiated field shield for incorporation as the end cap of a motor housing case, that infringe one or more claims

of the '117 Patent; and/or (ii) by contributing to and/or inducing infringement by others, by using, selling, offering for sale, and/or importing components, assemblies and/or systems configured as an electronic conducted noise filter and/or radiated field shield for incorporation as the end cap of a motor housing case, in a manner that infringes one or more claims of the '117 Patent. The infringing products include, but are not limited to, the systems and/or assemblies pictorially identified in detail in Exhibits F, G and H.

26. Bosch's acts of infringement of the '117 Patent will continue, without authority or license, unless this Court enjoins Bosch's infringing activities.

27. On information and belief, Bosch's continued infringement, without cessation, represents willful and deliberate conduct. Bosch's infringing activities, after the date of notice, constitute acts of willful infringement, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, an award of attorney's fees and costs, as such actions warrant an exceptional case pursuant to 35 U.S.C. § 285.

28. On information and belief, Bosch markets products that directly compete with and/or have competed with Plaintiff's products based on the technology in the '117 Patent including, but not limited to, systems and/or assemblies configured as an electronic conducted noise filter and/or radiated field shield for incorporation as the end cap of a motor housing case. Through such activities, Bosch competes for and misappropriates sales and profits for Plaintiff's products based on the technology in the '117 Patent, including, without limitation, systems and/or assemblies configured as an electronic conducted noise filter and/or radiated field shield for incorporation as the end cap of a motor housing case that would have gone to Plaintiff, but for Bosch's infringing activities. As a result of the sale and/or distribution of Bosch's infringing products, Plaintiff has lost revenue, profits and/or royalties and has suffered irreparable harm.

29. Plaintiff has been, is being, and will continue to be damaged by Bosch's infringing activities. Plaintiff's harm resulting from Bosch's infringement includes harm that is irreparable and that cannot be remedied in its entirety by the recovery of money damages. Plaintiff does not have an adequate remedy at law.

30. On information and belief, Brose has infringed, and continues to infringe, directly and indirectly, one or more claims of the '117 Patent, literally and/or under the doctrine of equivalents, in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271, by (i) manufacturing, making, using, selling, offering for sale, and/or importing components, assemblies and/or systems configured as an electronic conducted noise filter and/or radiated field shield for incorporation as the end cap of a motor housing case, that infringe one or more claims of the '117 Patent; and/or (ii) by contributing to and/or inducing infringement by others, by using, selling, offering for sale, and/or importing components, assemblies and/or systems configured as an electronic conducted noise filter and/or radiated field shield for incorporation as the end cap of a motor housing case, in a manner that infringes one or more claims of the '117 Patent. The infringing products include, but are not limited to, the systems and/or assemblies pictorially identified in detail in Exhibits F, G and H.

31. Brose's acts of infringement of the '117 Patent will continue, without authority or license, unless this Court enjoins Brose's infringing activities.

32. On information and belief, Brose's continued infringement, without cessation, represents willful and deliberate conduct. Brose's infringing activities, after the date of notice, constitute acts of willful infringement, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, an award of attorney's fees and costs, as such actions warrant an exceptional case pursuant to 35 U.S.C. § 285.

33. On information and belief, Brose markets products that directly compete with and/or have competed with Plaintiff's products based on the technology in the '117 Patent including, but not limited to, systems and/or assemblies configured as an electronic conducted noise filter and/or radiated field shield for incorporation as the end cap of a motor housing case. Through such activities, Brose competes for and misappropriates sales and profits for Plaintiff's products based on the technology in the '117 Patent, including, without limitation, systems and assemblies configured as an electronic conducted noise filter and/or radiated field shield for incorporation as the end cap of a motor housing case that would have gone to Plaintiff, but for Brose's infringing activities. As a result of the sale and/or distribution of Brose's infringing products, Plaintiff has lost revenue, profits and/or royalties and has suffered irreparable harm.

34. Plaintiff has been, is being, and will continue to be damaged by Brose's infringing activities. Plaintiff's harm resulting from Brose's infringement includes harm that is irreparable and that cannot be remedied in its entirety by the recovery of money damages. Plaintiff does not have an adequate remedy at law.

## Count III
### Infringement of U.S. Patent No. 7,548,037

35. Paragraphs 1-34 are incorporated by reference as if fully restated herein.

36. On information and belief, Bosch has infringed, and continues to infringe, directly and indirectly, one or more claims of the '037 Patent, literally and/or under the doctrine of equivalents, in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271, by (i) manufacturing, making, using, selling, offering for sale, and/or importing components, assemblies and/or systems for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof, that infringe one or more claims of the '037 Patent; and/or (ii) by contributing to and/or inducing infringement by others, by using, selling, offering for sale, and/or

9

importing components, assemblies and/or systems for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof, in a manner that infringes one or more claims of the '037 Patent. The infringing products include, but are not limited to, the systems and/or assemblies pictorially identified in detail in Exhibits F and G.

37. Bosch's acts of infringement of the '037 Patent will continue, without authority or license, unless this Court enjoins Bosch's infringing activities.

38. On information and belief, Bosch's continued infringement, without cessation, represents willful and deliberate conduct. Bosch's infringing activities, after the date of notice, constitute acts of willful infringement, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, an award of attorney's fees and costs, as such actions warrant an exceptional case pursuant to 35 U.S.C. § 285.

39. On information and belief, Bosch markets products that directly compete with and/or have competed with Plaintiff's products based on the technology in the '037 Patent including, but not limited to, systems and/or assemblies for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof. Through such activities, Bosch competes for and misappropriates sales and profits for Plaintiff's products based on the technology in the '037 Patent, including, without limitation, systems and/or assemblies for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof that would have gone to Plaintiff, but for Bosch's infringing activities. As a result of the sale and/or distribution of Bosch's infringing products, Plaintiff has lost revenue, profits and/or royalties and has suffered irreparable harm.

40. Plaintiff has been, is being, and will continue to be damaged by Bosch's infringing activities. Plaintiff's harm resulting from Bosch's infringement includes harm that is

irreparable and that cannot be remedied in its entirety by the recovery of money damages. Plaintiff does not have an adequate remedy at law.

41. On information and belief, Brose has infringed, and continues to infringe, directly and indirectly, one or more claims of the '037 Patent, literally and/or under the doctrine of equivalents, in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271, by (i) manufacturing, making, using, selling, offering for sale, and/or importing components, assemblies and/or systems for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof, that infringe one or more claims of the '037 Patent; and/or (ii) by contributing to and/or inducing infringement by others, by using, selling, offering for sale, and/or importing components, assemblies and/or systems for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof, in a manner that infringes one or more claims of the '037 Patent.  The infringing products include, but are not limited to, the systems and/or assemblies pictorially identified in detail in Exhibits F and G.

42. Brose's acts of infringement of the '037 Patent will continue, without authority or license, unless this Court enjoins Brose's infringing activities.

43. On information and belief, Brose's continued infringement, without cessation, represents willful and deliberate conduct.  Brose's infringing activities, after the date of notice, constitute acts of willful infringement, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, an award of attorney's fees and costs, as such actions warrant an exceptional case pursuant to 35 U.S.C. § 285.

44. On information and belief, Brose markets products that directly compete with and/or have competed with Plaintiff's products based on the technology in the '037 Patent including, but not limited to, systems and/or assemblies for sensing hard and soft obstructions for

moveable panels such as a window and/or sunroof. Through such activities, Brose competes for and misappropriates sales and profits for Plaintiff's products based on the technology in the '037 Patent, including, without limitation, systems and/or assemblies for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof that would have gone to Plaintiff, but for Brose's infringing activities. As a result of the sale and/or distribution of Brose's infringing products, Plaintiff has lost revenue, profits and/or royalties and has suffered irreparable harm.

45. Plaintiff has been, is being, and will continue to be damaged by Brose's infringing activities. Plaintiff's harm resulting from Brose's infringement includes harm that is irreparable and that cannot be remedied in its entirety by the recovery of money damages. Plaintiff does not have an adequate remedy at law.

## Count IV
### Infringement of U.S. Patent No. 7,579,802

46. Paragraphs 1-45 are incorporated by reference as if fully restated herein.

47. On information and belief, Bosch has infringed, and continues to infringe, directly and indirectly, one or more claims of the '802 Patent, literally and/or under the doctrine of equivalents, in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271, by (i) manufacturing, making, using, selling, offering for sale, and/or importing components, assemblies and/or systems for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof, that infringe one or more claims of the '802 Patent; and/or (ii) by contributing to and/or inducing infringement by others, by using, selling, offering for sale, and/or importing components, assemblies and/or systems for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof, in a manner that infringes one or more claims

of the '802 Patent. The infringing products include, but are not limited to, the systems and/or assemblies pictorially identified in detail in Exhibits F and G.

48. Bosch's acts of infringement of the '802 Patent will continue, without authority or license, unless this Court enjoins Bosch's infringing activities.

49. On information and belief, Bosch's continued infringement, without cessation, represents willful and deliberate conduct. Bosch's infringing activities, after the date of notice, constitute acts of willful infringement, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, an award of attorney's fees and costs, as such actions warrant an exceptional case pursuant to 35 U.S.C. § 285.

50. On information and belief, Bosch markets products that directly compete with and/or have competed with Plaintiff's products based on the technology in the '802 Patent including, but not limited to, systems and/or assemblies for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof. Through such activities, Bosch competes for and misappropriates sales and profits for Plaintiff's products based on the technology in the '802 Patent, including, without limitation, systems and/or assemblies for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof that would have gone to Plaintiff but for Bosch's infringing activities. As a result of the sale and/or distribution of Bosch's infringing products, Plaintiff has lost revenue, profits and/or royalties and has suffered irreparable harm.

51. Plaintiff has been, is being, and will continue to be damaged by Bosch's infringing activities. Plaintiff's harm resulting from Bosch's infringement includes harm that is irreparable and that cannot be remedied in its entirety by the recovery of money damages. Plaintiff does not have an adequate remedy at law.

52.     On information and belief, Brose has infringed, and continues to infringe, directly and indirectly, one or more claims of the '802 Patent, literally and/or under the doctrine of equivalents, in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271, by (i) manufacturing, making, using, selling, offering for sale, and/or importing components, assemblies and/or systems for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof, that infringe one or more claims of the '802 Patent; and/or (ii) by contributing to and/or inducing infringement by others, by using, selling, offering for sale, and/or importing components, assemblies and/or systems for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof, in a manner that infringes one or more claims of the '802 Patent.  The infringing products include, but are not limited to, the systems and/or assemblies pictorially identified in detail in Exhibits F and G.

53.     Brose's acts of infringement of the '802 Patent will continue, without authority or license, unless this Court enjoins Brose's infringing activities.

54.     On information and belief, Brose's continued infringement, without cessation, represents willful and deliberate conduct.  Brose's infringing activities, after the date of notice, constitute acts of willful infringement, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, an award of attorney's fees and costs, as such actions warrant an exceptional case pursuant to 35 U.S.C. § 285.

55.     On information and belief, Brose markets products that directly compete with and/or have competed with Plaintiff's products based on the technology in the '802 Patent including, but not limited to, systems and/or assemblies for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof.  Through such activities, Brose competes for and misappropriates sales and profits for Plaintiff's products based on the technology in the '802

Patent, including, without limitation, systems and/or assemblies for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof that would have gone to Plaintiff but for Brose's infringing activities. As a result of the sale and/or distribution of Brose's infringing products, Plaintiff has lost revenue, profits and/or royalties and has suffered irreparable harm.

56. Plaintiff has been, is being, and will continue to be damaged by Brose's infringing activities. Plaintiff's harm resulting from Brose's infringement includes harm that is irreparable and that cannot be remedied in its entirety by the recovery of money damages. Plaintiff does not have an adequate remedy at law.

## Count V
### Infringement of U.S. Patent No. 8,217,612

57. Paragraphs 1-56 are incorporated by reference as if fully restated herein.

58. On information and belief, Bosch has infringed, and continues to infringe, directly and indirectly, one or more claims of the '612 Patent, literally and/or under the doctrine of equivalents, in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271, by (i) manufacturing, making, using, selling, offering for sale, and/or importing components, assemblies and/or systems for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof, that infringe one or more claims of the '612 Patent; and/or (ii) by contributing to and/or inducing infringement by others, by using, selling, offering for sale, and/or importing components, assemblies and/or systems for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof, in a manner that infringes one or more claims of the '612 Patent. The infringing products include, but are not limited to, the systems and/or assemblies pictorially identified in detail in Exhibits F and G.

59. Bosch's acts of infringement of the '612 Patent will continue, without authority or license, unless this Court enjoins Bosch's infringing activities.

60. On information and belief, Bosch's continued infringement, without cessation, represents willful and deliberate conduct. Bosch's infringing activities, after the date of notice, constitute acts of willful infringement, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, an award of attorney's fees and costs, as such actions warrant an exceptional case pursuant to 35 U.S.C. § 285.

61. On information and belief, Bosch markets products that directly compete with and/or have competed with Plaintiff's products based on the technology in the '612 Patent including, but not limited to, systems and/or assemblies for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof. Through such activities, Bosch competes for and misappropriates sales and profits for Plaintiff's products based on the technology in the '612 Patent, including, without limitation, systems and/or assemblies for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof that would have gone to Plaintiff but for Bosch's infringing activities. As a result of the sale and/or distribution of Bosch's infringing products, Plaintiff has lost revenue, profits and/or royalties and has suffered irreparable harm.

62. Plaintiff has been, is being, and will continue to be damaged by Bosch's infringing activities. Plaintiff's harm resulting from Bosch's infringement includes harm that is irreparable and that cannot be remedied in its entirety by the recovery of money damages. Plaintiff does not have an adequate remedy at law.

63. On information and belief, Brose has infringed, and continues to infringe, directly and indirectly, one or more claims of the '612 Patent, literally and/or under the doctrine of

16

equivalents, in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271, by (i) manufacturing, making, using, selling, offering for sale, and/or importing components, assemblies and/or systems for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof, that infringe one or more claims of the '612 Patent; and/or (ii) by contributing to and/or inducing infringement by others, by using, selling, offering for sale, and/or importing components, assemblies and/or systems for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof, in a manner that infringes one or more claims of the '612 Patent. The infringing products include, but are not limited to, the systems and/or assemblies pictorially identified in detail in Exhibits F and G.

64. Brose's acts of infringement of the '612 Patent will continue, without authority or license, unless this Court enjoins Brose's infringing activities.

65. On information and belief, Brose's continued infringement, without cessation, represents willful and deliberate conduct. Brose's infringing activities, after the date of notice, constitute acts of willful infringement, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, an award of attorney's fees and costs, as such actions warrant an exceptional case pursuant to 35 U.S.C. § 285.

66. On information and belief, Brose markets products that directly compete with and/or have competed with Plaintiff's products based on the technology in the '612 Patent including, but not limited to, systems and/or assemblies for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof. Through such activities, Brose competes for and misappropriates sales and profits for Plaintiff's products based on the technology in the '612 Patent, including, without limitation, systems and/or assemblies for sensing hard and soft obstructions for moveable panels such as a window and/or sunroof that would have gone to

Plaintiff but for Brose's infringing activities. As a result of the sale and/or distribution of Brose's infringing products, Plaintiff has lost revenue, profits and/or royalties and has suffered irreparable harm.

67. Plaintiff has been, is being, and will continue to be damaged by Brose's infringing activities. Plaintiff's harm resulting from Brose's infringement includes harm that is irreparable and that cannot be remedied in its entirety by the recovery of money damages. Plaintiff does not have an adequate remedy at law.

## **Prayer for Relief**

WHEREFORE, Plaintiff UUSI, LLC d/b/a Nartron respectfully requests that this Court enter judgment against Defendants Robert Bosch LLC and Brose North America, Inc., as follows:

A. Adjudging that the Defendants have directly infringed, literally or under the doctrine of equivalents, the Patents-in-Suit;

B. Awarding Plaintiff damages to which it is entitled under 35 U.S.C. § 284 for Defendants' past infringement and any continuing or future infringement up until the date Defendants are finally and permanently enjoined from further infringement, and ordering a full account of same;

C. Awarding Plaintiff enhanced damages, up to and including trebling of Plaintiff's damages pursuant to 35 U.S.C. § 284, for Defendants' willful infringement of the Patents-in-Suit;

D. Awarding Plaintiff attorneys' fees pursuant to 35 U.S.C. § 285, for Defendants' willful infringement of the Patents-in-Suit;

E. Awarding Plaintiff pre-judgment and post-judgment interest on its damages; and

F. Awarding Plaintiff such other and further relief in law or equity that the Court deems just and proper.

## Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims and issues so triable.

Dated: February 4, 2013             Respectfully submitted,

            By:     s/ George D. Moustakas /
            HARNESS, DICKEY & PIERCE, P.L.C.
            Monte L. Falcoff (P48015)
            George D. Moustakas (P41631)
            Timothy D. MacIntyre (P53100)
            5445 Corporate Drive, Ste. 200
            Troy, MI 48098
            (248) 641-1600
            (248) 641-0270 Fax
            mlfalcoff@hdp.com
            gdmoustakas@hdp.com
            tdmacintyre@hdp.com

            *Attorneys for Plaintiff*

17453126.1